FILED
United States Court of Appeals
Tenth Circuit

May 18, 2026

Christopher M. Wolpert
Clerk of Court

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOSE ORTEGA-MORENO,

Defendant - Appellant.

No. 25-2036
(D.C. No. 2:24-CR-00378-MIS-1)
(D. N.M.)

_____

## ORDER AND JUDGMENT[*]

_____

Before **McHUGH**, **BALDOCK**, and **ROSSMAN**, Circuit Judges.

_____

Appellant Jose Ortega-Moreno appeals the district court's denial of his motion to withdraw his plea. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## I.     Background

Local law enforcement officers responded to a call regarding a truck stuck on railroad tracks in Lordsburg, New Mexico. At the scene, they arrested Appellant for suspected drunk driving and other offenses. When asked for his name, Appellant

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

provided the name "Thomas Ruben Moreno." His state identification card listed the name Ruben Moreno.

At some point, Appellant provided the officers with a social security number that corresponds to the name Ruben Moreno whose birth date is August 27, 1961. But the Ruben Moreno associated with the given social security number and birth date died in May 1982. Appellant then provided a different social security number.[1] But no person matched that number. Appellant eventually stated his name was "Jose Moreno Ortega" and his birthdate was July 23, 1953.

Based on the conflicting information, the Lordsburg police officers contacted Border Patrol and requested a search on Appellant. The search showed he was removed in 1996 under the name Jose Ortega-Moreno. Thereafter, the officers transported Appellant to the Border Patrol station. Appellant waived his rights, and the Border Patrol agent questioned him. Through that process, he admitted that Jose Ortega-Moreno was his correct name and to using other names in the past. He admitted that he was a Mexican citizen, and that he had previously been ordered removed from the United States. He also admitted he did not apply for permission to re-enter the United States. The police report documented that the fingerprints matched the name "Jose Ortega Moreno," an individual who was removed from the United States in 1996. Police reports also state Appellant observed to them that

---

[1] The government could not find the person to whom it belonged. The government did find a person with a similar social security number named Thomas Moreno.

2

stealing identities was not difficult if you knew who was dead and whether the death was reported properly.

The government charged Appellant by complaint with illegal re-entry after an aggravated felony under 8 U.S.C. §§ 1326(a)(1) & (b)(2). He pled guilty to the charge without a plea agreement, and affirmed, under oath, that the allegations in the complaint were true, could be proven, and that he had discussed the case with his attorney. The magistrate judge accepted the plea and granted his request for an expedited presentence investigation report (PSR).

Before probation prepared the PSR, both parties received the National Crime Information Center (NCIC) criminal history report. For "Jose Ortega Moreno," the criminal history showed only the 1996 removal.

The remaining information in the criminal history section related to either "Thomas Moreno" or "Thomas Kaszeta." Probation prepared Appellant's PSR. After receiving the PSR, Appellant's counsel emailed the government stating she believed her client was a citizen and therefore innocent of the charged offense. She shared that her investigation revealed Appellant was born in Phoenix, Arizona, to United States citizens. She also shared that, at one point, he had been adopted by a Julieann Kaszeta. To support his citizenship claim, Appellant included various documents to show that he was, indeed, Thomas Moreno born in Arizona.

Appellant then moved to withdraw his guilty plea asserting that he was innocent because he was Thomas Moreno born to United States citizens in Phoenix, Arizona, in 1962. The motion also asserted concerns about Appellant's competency

3

but did not pursue that claim further. The motion did not contain any explanation as to why he provided different information to the Border Patrol agents. Rather it focused on how Appellant should be allowed to withdraw his guilty plea because he met his burden of showing a fair and just reason for requesting the withdrawal.

After a hearing, the district court denied Appellant's motion to withdraw his guilty plea. Citing various discrepancies in Appellant's story, the district court reasoned that Appellant did not present a credible claim of innocence. It also concluded he did not present evidence that he was incompetent or that he did not knowingly and voluntarily plead guilty.

Before sentencing, Appellant reasserted his claim of innocence in his PSR objections and provided additional evidence. The district court overruled his objections and sentenced him to 63 months' imprisonment.[2]

## II.    Discussion

Appellant challenges the district court's order denying his motion to withdraw his guilty plea. District courts allow a defendant to withdraw a guilty plea after it has accepted the plea if "the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). We review the district court's denial of the motion to withdraw his guilty plea for abuse of discretion. *United States v. Dominguez*, 998 F.3d 1094, 1103 (10th Cir. 2021). "Although a motion to withdraw

---

[2] Appellant also filed a motion to reconsider his motion to withdraw the guilty plea. The district court denied the motion from the bench at the sentencing hearing. Appellant says he is not appealing the order denying his motion to reconsider. *See* Aplt. Opening Br. at 1 n.3.

a plea prior to sentencing should be freely allowed, we will not reverse a district court's decision unless the defendant can show that the court acted unjustly or unfairly." *United States v. Sanchez-Leon*, 764 F.3d 1248, 1259 (10th Cir. 2014) (internal quotation marks omitted). We understand the abuse of discretion standard "to mean that we will reverse a determination only if the court exceeded the bounds of permissible choice, given the facts and the applicable law in the case at hand." *United States v. McComb*, 519 F.3d 1049, 1053 (10th Cir. 2007) (internal quotation marks omitted).

In our analysis, we consider a seven-factor test: "(1) whether the defendant has asserted his innocence, (2) prejudice to the government, (3) delay in filing defendant's motion, (4) inconvenience to the court, (5) defendant's assistance of counsel, (6) whether the plea is knowing and voluntary, and (7) waste of judicial resources." *United States v. Marceleno*, 819 F.3d 1267, 1272 (10th Cir. 2016) (internal quotation marks omitted). "If the assertion-of-innocence, knowing-and-voluntary, and ineffective-assistance-of-counsel factors all weigh against the defendant, a district court need not consider the remaining four factors." *Id.* (internal quotation marks omitted).

## A. Assertion of Innocence

Appellant contends he met his burden to show a fair and just reason to withdraw by credibly asserting innocence. The "district court need not accept a defendant's version of the facts as true for purposes of evaluating whether a defendant's assertion of innocence is credible." *Marceleno*, 819 F.3d at 1274–75.

"[A] credible assertion of innocence has the quality or power of inspiring belief, and tends to either defeat the elements in the government's prima facie case or make out a successful affirmative defense." *Id.* at 1275 (internal quotation marks omitted).

Appellant argues the district court abused its discretion by "engag[ing] in impermissible factfinding by accepting as true the government's evidence and argument and thereby implicitly rejecting [Appellant's] contradictory evidence and argument on this basis without directly and independently analyzing his evidence." Aplt. Opening Br. at 14. He also argues the court assigned too much weight to his admissions in his plea colloquy. He contends he did not have to prove he is a citizen, but instead only make a credible assertion of innocence. He claims the district court "could not reject that evidence solely because it was inconsistent with the government's evidence supporting its case." Aplt. Reply Br. at 2. We are not persuaded.

Throughout this whole proceeding, Appellant has presented law enforcement, agency officials, and the court with inconsistent information. He provided at least two different social security numbers and names to officials. At the plea hearing he attested, under oath, that he was Jose Ortega-Moreno, from Mexico, born to Mexican parents, and he had previously entered the United States as an alien and was ordered removed thereafter. He also admitted he was 73 years old, not a citizen of the United States, and that he had four children, the oldest being 55 years old. Appellant also had prior acts of dishonesty on his record, and at one point stated to a Border Patrol

agent that it is "easy to steal identities, so long as you know who is dead and it does not get reported properly." R. vol. I at 33 (internal quotation marks omitted).

Although Appellant need only make a credible assertion of evidence that he is innocent, that evidence is not considered in isolation. Considering all the evidence before the district court, Appellant's citizenship claim does not come with much credibility. Under these circumstances, we find no abuse of discretion in the district court's determination that this factor weighed against Appellant.

*B. Remaining Factors*

Appellant also argues that the remaining plea withdrawal factors do not weigh against him. He concedes he did not argue that he had ineffective assistance of counsel or that his plea was involuntary. And he asserts withdrawing the plea would not have prejudiced the government, inconvenienced the court, or wasted judicial resources. His core argument, however, is that the district court improperly gave independent weight to his statements during the plea colloquy and credited the government's evidence while disregarding his.

The district court determined that Appellant failed to present evidence that he entered his plea unknowing or involuntarily, and that he received ineffective assistance of counsel, so both factors weighed against Appellant. We agree.

The assertion-of-innocence factor alone, is not dispositive. But if the knowing-and-voluntary, and ineffective-assistance-of-counsel factors also weigh against Appellant, the district court was not required to consider the remaining four factors. *Marceleno*, 819 F.3d at 1272. We review the knowing-and-voluntary and

ineffective-assistance-of-counsel factors de novo, and we will not reverse unless the district court acted unjustly or unfairly. *Id.* Here, Appellant did not present, nor does the record contain, any evidence that he entered his plea unknowingly or involuntarily, or that he received ineffective assistance of counsel. Under these circumstances, we find no error, conclude these factors weigh against him, and thus need not address the remaining four factors. *See id.*

**III. Conclusion**

We affirm the district court.

Entered for the Court

Carolyn B. McHugh
Circuit Judge